UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
J&J SPORTS PRODUCTIONS, INC.,

      Plaintiff,

    -against-

LA PARRANDA MEXICAN BAR & RESTAURANTE
CO., INC. a/k/a LA PARRANDA MEXICANA BAR &
RESTAURANTE and CLEOTILDE VASQUEZ,

      Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**18-CV-2622 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

  Plaintiff J&J Sports Productions, Inc. initiated this action on May 3, 2018, asserting claims under Sections 553 and 605 of the Communications Act of 1934 (the "Act"), 47 U.S.C. §§ 553, 605, against Defendants La Parranda Mexicana Bar & Restaurante Co. (the "Defendant Establishment" or "La Parranda") and Cleotilde Vasquez. (Compl. (Dkt. 1).) Defendants have not appeared in this action and have failed to answer or otherwise respond to the complaint.

  Before the court is Plaintiff's motion for default judgment (Mot. for Default J. ("Mot.") (Dkt. 13)), which the undersigned referred to Magistrate Judge Robert M. Levy for a report and recommendation ("R&R"). (July 17, 2018, Order Referring Mot.) On November 29, 2018, Judge Levy issued an R&R in which he recommended that the court grant the motion as to the Defendant Establishment but deny it as to Vasquez and award Plaintiff $4905 in damages and costs. (See R&R (Dkt. 18).) Plaintiff timely objected to the R&R, arguing that the court should reject Judge Levy's recommendation as to liability for Vasquez. (See Pl. Obj. (Dkt. 20).) Defendants have not responded to Plaintiff's objection and the time to do so has passed. For the following reasons, the court OVERRULES Plaintiff's objection, ADOPTS the R&R, and accordingly GRANTS IN PART and DENIES IN PART Plaintiff's motion for default judgment.

1

## I. BACKGROUND

### A. Factual Allegations

Because Defendants have defaulted, the court "is required to accept all of [Plaintiff's] factual allegations as true and draw all reasonable inferences in [Plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187-88 (2d Cir. 2015).

Plaintiff entered into a closed-circuit television license agreement whereby Plaintiff received exclusive rights to exhibit and sublicense the May 7, 2016, World Middleweight Championship Fight Program between Saul Alvarez and Amir Khan, including undercard and preliminary bouts (collectively, the "Event"). (Compl. ¶ 7.) The transmission of the Event was electronically coded such that it could only be received using special decoding equipment. (Id. ¶ 12.) Establishments that contracted with Plaintiff—or with Plaintiff's sublicensee, G & G Closed Circuit Events, LLC—were entitled to televise the Event, and were provided with the necessary decoding equipment. (Id. ¶¶ 13-14.)

The Defendant Establishment is a corporation organized under the laws of New York and authorized to transact business as La Parranda Bar & Restaurante from its principal place of business in Brooklyn, New York. (Id. ¶ 5.) Plaintiff alleges that Vasquez is an "officer, director, shareholder, and/or principal" of the Defendant Establishment. (Id.) Defendants never contracted with Plaintiff to screen the Event. (Id. ¶ 13.) Nonetheless, on May 7, 2016, Defendants intercepted the interstate communication of the Event and screened it within the Defendant Establishment. (Id. ¶ 15.) An investigator observed that approximately 26 patrons were present in the Defendant Establishment during the screening of the Event. (Aff. of James

2

Osgood (Dkt. 1-3).) The Defendant Establishment did not charge a cover for entry during the Event. (Id.)

**B. Procedural History**

Plaintiff filed its complaint in this court on May 3, 2018 (Compl.), and service was properly executed on each defendant (see Summons (Dkt. 5); Summons (Dkt. 6)). Defendants failed to appear or answer. On June 29, 2018, the Clerk of Court entered a certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Clerk's Entry of Default (Dkt. 12).) Plaintiff moved for default judgment on July 16, 2018, seeking an order of default judgment awarding statutory damages, enhanced damages, and litigation costs (exclusive of attorney's fees). (See Mot.; Mem. in Supp. of Mot. (Dkt. 15).) The undersigned referred Plaintiff's motion to Judge Levy for an R&R. (July 17, 2018, Order Referring Mot.)

On November 29, 2018, Judge Levy issued an R&R recommending that the court grant in part and deny in part Plaintiff's motion. (See R&R.) First, as to the question of liability, Judge Levy recommended that the court hold the Defendant Establishment liable under the Act but found that liability as to Vasquez had not been established. (See id. at 6-9.) Second, as to the question of damages, Judge Levy recommended awarding Plaintiff $4905, consisting of $2200 in statutory damages, $2200 in enhanced damages, and $505 in costs. (See id. at 9-12.)

Plaintiff timely objected to the R&R. (See Pl. Obj.) Plaintiff's sole ground for objection is the R&R's recommendation that the court deny the motion for default judgment as to Vasquez. (Id.) Defendants, as they have not appeared in this action, did not file a response to Plaintiff's objection, and the time to do so has passed.

3

## II. LEGAL STANDARD

In reviewing an R&R from a magistrate judge regarding a dispositive motion, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." Romero v. Bestcare Inc., No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017) (internal citation omitted); see Impala v. U.S. Dep't of Justice, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision . . . ." (internal citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (alteration adopted) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). To obtain this de novo review, a party must object to specific portions of the R&R. P.R. v. N.Y.C. Dep't of Educ., No. 17-CV-4887 (LTS), 2018 WL 4301366, at *1 (S.D.N.Y. Sept. 10, 2018); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758,

766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

## III. APPLICATION

### A. Liability

As set forth above, Plaintiff objects to the R&R's recommendation that the court find the Defendant Establishment, but not Vasquez, liable. For the following reasons, the court OVERRULES Plaintiff's objection on this ground and GRANTS default judgment with respect to the Defendant Establishment only.

#### 1. The Communications Act of 1934

Section 605(a) of the Act provides, in relevant part, that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communications to any person." If Plaintiff successfully alleges that the Defendant Establishment violated Section 605, then Plaintiff may seek to impose liability on Vasquez under the theories of "vicarious liability" or "contributory infringement." Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 971 (2d Cir. 1997). Vicarious liability arises when a defendant had a "right and ability to supervise that coalesced with an obvious and direct financial interest." Id. (alterations adopted) (quoting Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir. 1963)). Contributory infringement arises when a defendant "authorized" the violations. Id. (citing Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 437 (1984)).

### 2. The Defendant Establishment

Finding no clear error in the R&R's recommendation as to the Defendant Establishment's liability (see R&R at 6), the court grants Plaintiff's motion for default judgment with respect to the Defendant Establishment.

### 3. Vasquez

Plaintiff also seeks to hold Vasquez liable under Section 605 in her capacity as an officer, director, shareholder, or principal of the Defendant Establishment. (See Compl. ¶¶ 5, 17.) Plaintiff alleges that Vasquez could be held liable under either vicarious liability or contributory infringement. (R&R at 6.)

The Supreme Court has stated that a "formulaic recitation of the elements of a cause of action" is insufficient to establish a prima facie case. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In its complaint, Plaintiff makes boilerplate allegations that Vasquez "had a right and ability to supervise the infringing activities" and "an obvious and direct financial interest in the exploitation of the copyrighted materials." (Compl. ¶¶ 5, 17.) This "generic assertion[]," J & J Sports Prods., Inc. v. Crazy Willy's Bar, Lounge & Rest., Inc., No. 17-CV-1192 (NGG), 2018 WL 3629595, at *3 (E.D.N.Y. July 31, 2018), does not establish that Vasquez "was positioned to supervise the infringing broadcast, or directly participated in, authorized, or had knowledge of the violation." J & J Sports Prods., Inc. v. Monte Limar Sports Bar Inc., No. 15-CV-3771 (ILG), 2017 WL 933079, at *3 (E.D.N.Y. Mar. 8, 2017) (alteration adopted) (citation and internal quotation marks omitted). More is needed. Accordingly, the R&R was correct to reject Plaintiff's claims of contributory infringement. (See R&R at 7.)

Regarding the first prong of the vicarious-liability inquiry—right and ability to supervise—Plaintiff alleges that Vasquez is listed as the principal of La Parranda on the liquor license on file with the New York State Liquor Authority. (Compl. ¶ 5.) The court need not decide whether this allegation sufficiently establishes a "right and ability to supervise the infringing activities" because Plaintiff has failed to satisfy the second prong of the test: an "obvious and direct financial interest." See J & J Sports Prods., Inc. v. LX Food Grocery, Inc., No. 15-CV-6505 (NGG), 2016 WL 6905946, at *3 (E.D.N.Y. Nov. 23, 2016). (See also R&R at 8 ("[A]lthough the complaint alleges that Vasquez is listed as the principal of La Parranda on its liquor license and thus had a right and ability to supervise the infringing activities, these facts alone do not demonstrate that she had an obvious and direct financial interest in showing the Event.").)

As Judge Levy correctly notes, "when courts in the Second Circuit have imposed vicarious liability under similar circumstances, 'the plaintiff had typically made a stronger showing of financial gain.'" (R&R at 7 (quoting LX Food Grocery, 2016 WL 6905946, at *2).) See Crazy Willy's, 2018 WL 3629595, at *4 (collecting cases). Plaintiff does not allege that the Defendant Establishment collected a cover charge. Plaintiff's investigator counted 26 patrons present at the Defendant Establishment during the Event (see Pl. Obj. at 6), but this assertion is insufficient to establish Vasquez's financial gain. Plaintiff does not specify whether those patrons made any purchases, how this number compares to the number of patrons at the Defendant Establishment on a typical night, or how many of these patrons were actually watching the Event. See J & J Sports Prods., Inc. v. Classico Bar Inc., No. 16-CV-5639 (ADS), 2018 WL 1168582, at *4 (E.D.N.Y. Mar. 6, 2018). Contrary to Plaintiff's assertion, these holes in the complaint could not only be patched up with a round of discovery. (See Pl. Obj. at 5-6.)

Just as the plaintiff's allegations were insufficient to support individual liability in Classico Bar—where there were 25 patrons at the defendant establishment during the event in question, but Plaintiff made no specific allegations of financial interest by any individual beyond a "formulaic recitation of the elements of a cause of action," 2018 WL 1168582, at *1, *3-4 (quoting Iqbal, 556 U.S. at 678))—so too is that the case here. Plaintiff adds that the investigator conducted his audit at the Defendant Establishment "during an undercard bout, and there is a reasonable inference that the patronage would have increased leading up to the main event between Saul Alvarez v. Amir Khan." (Pl. Obj. at 6.) But this assertion, even if true, does not address the lack of well-pleaded allegations necessary to support individual liability in this case. See J & J Sports Prods., Inc. v. Three MY Corp., No. 17-CV-3383 (NGG), 2018 WL 4561460, at *4 (E.D.N.Y. Sept. 24, 2018). Finally, insofar as Plaintiff attempts to use the presence of Vasquez's name on the Defendant Establishment's liquor license to show her financial gain, the court rejects such an argument. See Crazy Willy's, 2018 WL 3629595, at *4.

**B.     Damages**

Plaintiff does not object to the R&R's recommendation that the court award Defendant $2200 in statutory damages and $2200 in enhanced damages. Following review for clear error, the court ADOPTS this portion of the R&R.

1.     Statutory Damages

Where, as here, a violation of Section 605 has occurred, a plaintiff is entitled to elect statutory or actual damages. 47 U.S.C. § 605(e)(3)(C)(i). Under Section 605, a plaintiff "may recover an award of statutory damages for each violation of subsection (a) [of this section] . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just." § 605(e)(3)(C)(i)(II). The determination of statutory damages is "in the sound discretion of the

court." LX Food Grocery, 2016 WL 6905946, at *4. "Courts in the Second Circuit typically use either the 'flat-fee' method or the 'per-person' method to determine statutory damages under Section 605(e)(C)(i)(II), with the higher of the two amounts typically used for the award." Crazy Willy's, 2018 WL 3629595, at *5. "Under the 'flat[-]fee' method, the court calculates the amount that defendants would have paid in exchange for the right to show the Event legally—in this case, Plaintiff's licensing fee." LX Food Grocery, 2016 WL 6905946, at *4. "Under the 'per-person' method, damages are equal to the amount an individual consumer would have paid to view the Event pay-per-view, multiplied by the number of consumers who watched the illegally transmitted Event." Id.

The R&R rejected Plaintiff's proposal that the court award the amount of damages under both the flat-fee and per-person methods. (See R&R at 9-10.) First, the R&R noted that Plaintiff requested per-person damages based on 75 patrons having been present in La Parranda, when in reality there were only 26. (Id. at 9.) But more to the point, the court found it improper to award damages based on both methods, opting instead to use the flat-fee method.[1] (Id. at 10.)

Plaintiff does not object to the R&R's recommendation of statutory damages. Finding no clear error in this portion of the R&R, the court adopts the recommendation that the court award Plaintiff $2200 in statutory damages.

2. Enhanced Damages

The court, "in its discretion[,] may increase the award of damages . . . by an amount of not more than $100,000 for each violation," if "the court finds that the violation was committed

---

[1] The R&R used the flat-fee method because, as compared to the per-person method, it "yields the higher of the two totals." (R&R at 10.) As this court has noted before, use of the per-person method raises serious concerns, and the court would not be inclined to award damages under this method even if it yielded a higher amount than the flat-fee method. See Crazy Willy's, 2018 WL 3629595, at *6. Nevertheless, because Judge Levy chose to award damages based on the flat-fee method, the court's concerns about the per-person method are not relevant here.

9

willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The R&R found that there was no reason to award Plaintiff treble damages, instead recommending that the court award enhanced damages in an amount equal to the statutory damages. (R&R at 11.) Plaintiff does not object to this recommendation.

As this court has previously noted, "[t]he imposition of enhanced damages is a highly fact-specific inquiry, and courts have great leeway in determining a reasonable outcome." Crazy Willy's, 2018 WL 3629595, at *7. Accordingly, the court finds no clear error in this portion of the R&R and adopts the recommendation that the court award enhanced damages in an amount equal to that awarded for statutory damages.

3. Costs

Finally, Plaintiff seeks "$505 in costs and disbursements, representing the $400 filing fee and $105 for service of process." (R&R at 12.) Plaintiff does not object to this recommendation and, finding no clear error therein, the court grants Plaintiff's request for $505 in costs.

## IV. CONCLUSION

The court ADOPTS IN FULL the R&R (Dkt. 18) and GRANTS IN PART and DENIES IN PART Plaintiff's motion for default judgment (Dkt. 13). The court GRANTS Plaintiff's motion for default judgment against Defendant La Parranda Mexicana Bar & Restaurante Co. and DENIES Plaintiff's motion for default judgment against Defendant Cleotilde Vasquez. The court AWARDS Plaintiff $4905.00 in damages, consisting of $2200.00 in statutory damages, $2200.00 in enhanced damages, and $505.00 in costs. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
December 20, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge